# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| LLOYD NAPIER,<br><br>     Plaintiffs,<br><br> v.<br><br>BROCK & COMPANY, INC.; KEITH LONG; DAVID GRANT; ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities); and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals),<br><br>     Defendants. | Case No. |

**TO:**  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY – CAMDEN VICINAGE

## ON NOTICE TO:

*Clerk,* Superior Court of New Jersey, Camden County
Law Division
Camden Courthouse
101 S. 5th Street
Camden, NJ 08103

Christian McOmber, Esquire
Peter Valenzano, Esquire
Anna Esposito, Esquire
Christian Fechter, Esquire
McOMBER McOMBER & LUBER, P.C.
54 Shrewsbury Ave.
Red Bank, NJ 07701
*Counsel for Plaintiff*

## **NOTICE OF REMOVAL**

Defendants Brock & Company, Inc. ("Brock & Co."), Keith Long ("Long"), and David Grant ("Grant") (collectively, "Defendants"), by and through their undersigned counsel, petition this Court as follows, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446:

1. On January 24, 2025, Plaintiff Lloyd Napier filed a Complaint in the Superior Court of New Jersey, Law Division, Camden County, Docket No. CAM-L-249-25 (the "State Court Action"), against Defendants asserting claims sounding in "Retaliation in Violation of the New Jersey Conscientious Employee Protection Act" (Count One), "Retaliation in Violation of Public Policy" (Count Two), and "Failure to Accommodate and Retaliation/Improper Reprisal" (Count Three). (See Plaintiff's Complaint attached hereto as Ex. A).

2. Defendants were served with Plaintiff's Complaint on January 29, 2025. (See Affidavits of Service attached hereto as Ex. B).

3. Defendants now timely file for removal of the matter to the United States District Court for the District of New Jersey within the 30-day time period required by 28 U.S.C. § 1446(b)(1).

## Basis for Removal to Federal Court

**A.    The Parties are Citizens of Different States.**

4.    Plaintiff Lloyd Napier is an adult citizen of the State of New Jersey who resides in Laurel Springs, New Jersey.  (See Ex. A, Compl. at ¶ 1).

5.    Defendant Brock & Co. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania with a principal place of business located in Pennsylvania.  (See Ex. A at ¶ 2).

6.    For diversity jurisdiction purposes, corporations are citizens of the state in which they are incorporated, as well as the state in which they maintain their principal place of business.  See 28 U.S.C.A. ¶ 1332(c)(1).

7.    Defendant Long is an adult citizen who resides in the State of Maryland. (See Ex. A at ¶ 3).

8.    Defendant Grant is an adult citizen who resides in the Commonwealth of Pennsylvania. (See Ex. A at ¶ 4).

**B.    The Amount in Controversy Exceeds $75,000.**

9.    The total amount of damages claimed by Plaintiffs exceeds $75,000.

10.    In accordance with New Jersey Court Rule 4:5-2, Plaintiff's Complaint does not demand a specific amount of damages. See R. 4:5-2 (providing, in pertinent part, that "[i]f unliquidated money damages are claimed in any court, other than the

Special Civil Part, the pleading shall demand damages generally without specifying the amount.").

11. The Federal Courts Jurisdiction and Venue Clarification Act of 2011 "addresses how to measure the amount in controversy when the Complaint is silent on the quantum of damages sought." Stockton v. TD Bank Grp., Civil Action No. 13-2524 (CCC), 2013 U.S. Dist. LEXIS 138534, at *3 (D.N.J. Sep. 9, 2013); Allen v. Bloomingdale's, Inc., Civil Action No. 16-772 (WJM), 2016 U.S. Dist. LEXIS 116532, at *2 (D.N.J. July 19, 2016).

12. "Specifically, where, like here, the "State practice [] does not permit demand for a specific sum [], 'the removal of the action is proper on the basis of the amount in controversy [] if the district court finds, by a preponderance of the evidence, that the amount in controversy' exceeds $75,000." Stockton, 2013 U.S. Dist. LEXIS 138534, at *4 (citing 28 U.S.C. § 1446(c)(2)(B)).

13. In this context, "[p]reponderance of the evidence means 'proof to a reasonable probability that jurisdiction exists.'" Stockton, 2013 U.S. Dist. LEXIS 138534, at *4 (citing Frederico v. Home Depot, 507 F.3d 188, 195 n.6 (3d Cir. 2007)).

14. In evaluating whether the jurisdictional minimum has been met, "[t]he Court first looks to the complaint, then to the moving papers, then to anything else." Allen, Civil Action No. 16-772 (WJM), 2016 U.S. Dist. LEXIS 116532, at *4.

15. Further, "[t]he amount in controversy is measured 'not by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'" Id. (citing Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002)).

16. In the present case, Plaintiff seeks monetary relief in the form of back pay and front pay, with benefits. (See Ex. A at Count One).

17. Even assuming, *arguendo*, that his demand for back and front pay damages alone does not satisfy the statutory requirement, Plaintiff also seeks to recover damages for "humiliation, stress, and anxiety, causing him mental and emotional anguish and dysfunction and physical manifestations of same," as well as attorneys' fees, all of which are properly considered in connection with the amount in controversy. Allen, 2016 U.S. Dist. LEXIS 116532, at *5.

18. Moreover, Plaintiff seeks to recover an award of punitive damages, which are uncapped for the claims asserted in his Complaint. Aguas v. State, 107 A.3d 1250, 1273 (N.J. 2015); Mogull v. Cb Commer. Real Estate Grp., 744 A.2d 1186, 1200 (N.J. 2000).

19. Given these circumstances, assuming Defendants are found liable, which Defendants deny, the amount in controversy exceeds the jurisdictional minimum of $75,000.00. See Allen, Civil Action No. 16-772 (WJM), 2016 U.S.

Dist. LEXIS 116532, at *5 (finding that the plaintiffs' demand for back pay and punitive damages "clearly surpass[ed] the jurisdictional threshold standing alone.").

20. The statute governing the jurisdiction of the United States district courts provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . Citizens of different States." 28 U.S.C. § 1332(a)(1)(a).

21. Federal law authorizes the removal of actions filed in state court to the federal district court in which the state court is located: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

22. As this case involves complete diversity of citizenship and an amount in controversy greater than $75,000.00, removal of the case to the United States District Court for the District of New Jersey is proper pursuant to 28 U.S.C. §§ 1332 and 1446(c)(2)(B).

23. The United States District Court for the District of New Jersey is the proper venue for this case under 28 U.S.C. § 1441(a) because the state court where this matter was originally filed is located with the district.

24. This Notice of Removal is timely filed under the federal removal statute because it was filed within 30 days of service of Plaintiff's Complaint upon Defendants. See 28 U.S.C. § 1446(b).

25. Pursuant to 28 U.S.C. § 1446(d), Defendants filed copies of this Notice of Removal and its related papers with the Superior Court of New Jersey, Law Division, Camden County in order to effect removal of this action.

26. By service of this Notice of Removal, Defendants provide written notice of this filing to Plaintiff, as required by 28 U.S.C. § 1446(a).

27. Along with the Complaint and Affidavits of Service, the remaining filings submitted to the Camden County Docket prior to removal are attached hereto. (See Ex. C).

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants respectfully request that the above-captioned matter now pending in the Superior Court of New Jersey, Law Division, Camden County, Docket No. CAM-L-00249-25 be removed to the United States District Court for the District of New Jersey.

Respectfully submitted this 28th day of February, 2025,

**KAUFMAN DOLOWICH, LLP**

By:   /s/ *Gregory Hyman*
      Gregory S. Hyman, Esq. (NJ Atty. ID No. 024241993)
      1650 Market Street, Suite 4800
      Philadelphia, PA 19103
      (215) 501-7024 (p)
      (215) 405-2973 (f)
      ghyman@kaufmandolowich.com
      *Counsel for Defendants, Brock & Company, Inc.,*
      *Keith Long, and David Grant*

## CERTIFICATE OF SERVICE

I, GREGORY S. HYMAN, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing via e-Courts system and first-class mail, postage prepaid, on the following:

Christian McOmber, Esquire
Peter Valenzano, Esquire
Anna Esposito, Esquire
Christian Fechter, Esquire
McOMBER McOMBER & LUBER, P.C.
54 Shrewsbury Ave.
Red Bank, NJ 07701
*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　/s/ Gregory S. Hyman
　　　　　　　　　　　　　　　　　　GREGORY S. HYMAN

Dated: February 28, 2025